UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHARA JONES, individually, and on
behalf of all persons similarly situated,

       Plaintiff,                       CASE NO.:  6:20-cv-1226-Orl-37EJK

v.

ORLANDO HOUSING AUTHORITY,

       Defendant.
_____/

## FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Shara Jones, (hereafter referred to as "Ms. Jones" or "Plaintiff"), by and through her undersigned counsel, files this First Amended Complaint and Demand for Jury Trial against Defendant, Orlando Housing Authority, (hereafter referred to as "OHA" or "Defendant") on her own behalf and on behalf of all persons similarly situated, and alleges as follows.

## NATURE OF THE ACTION

1.    Ms. Jones brings this action on her own behalf and on behalf of all persons similarly situated against the OHA for denying her health insurance coverage under the OHA's group health insurance plan that OHA provides to and for its regular employees in violation of the Patient Protection and Affordable Care Act, commonly known as the Affordable Care Act ("ACA"), 42 U.S.C. § 18001, et seq. and for denial of various other employee benefits, paid leaves and other fringe benefits that OHA offers to its regular employees but not to its contract employees such as Ms. Jones.

2.    Ms. Jones has been employed by OHA since 2016 in a classification as a contracted employee under which she is currently not allowed to participate in OHA's group

1

health insurance plan or any of OHA's employee benefit plans, fringe benefit programs, group insurance programs or similar programs (including but not limited to dental, vision and long term insurance, pension plan, defined contribution plan, vacation days, sick days, floating holiday, personal day or the exempt rewards program) that the executives and the other Regular employees of OHA are allowed to receive.

3.      Ms. Jones brings her action in Count I under the ACA and her action in Count II for breach of contract for being classified and treated as a second class employee of OHA due to her continuous classification as a contracted employee who would otherwise meet OHA's definition of Regular employee and be entitled to OHA's group health insurance benefits and all of OHA's other employee benefits that the executives and the Regular employees of OHA receive.

## JURISDICTION AND VENUE

4.      This Court has original jurisdiction regarding Ms. Jones' ACA claim in Count I pursuant to 28 U.S.C. § 1331.

5.      Venue is appropriate in the Middle District as the acts and omissions occurred in Orange County, Florida and because Defendant's place of business where Ms. Jones is currently employed is located in Orange County, Florida.

6.      Venue is also appropriate in the Middle District because Ms. Jones at all times relevant to the claims in this action worked for Defendant in Orange County, Florida, and all of the relevant events occurred in Orange County, Florida.

## COMPLIANCE WITH CONDITIONS PRECEDENT AND PROCEDURAL REQUIREMENTS

7.      Ms. Jones has complied with any and all conditions precedent and procedural requirements necessary for bringing this lawsuit.

## PARTIES

8.    Ms. Jones is currently employed by Defendant as a "Contracted Individual" pursuant to a Contracted Individual Agreement that she entered into with the Defendant as of August 1, 2020.

9.    Ms. Jones has also been continuously employed by Defendant since 2016 as a Contracted Individual pursuant to previous Contracted Individual Agreements that she entered into annually with Defendant since 2016.

10.    Defendant, Orlando Housing Authority, is an independent public corporation doing business in Orange County, Florida.  Defendant is responsible for administering and operating the local public housing program under the guidance of the United States Department of Housing and Urban Development ("HUD").  Defendant is funded by HUD.

## FACTUAL ALLEGATIONS

11.    In 2016, Ms. Jones was employed full-time as a Budget Analyst with the Chicago Housing Authority.

12.    In 2016, a recruiting firm known as Gans, Gans, & Associates ("GGA") recruited Ms. Jones on behalf of OHA for a position of Budget Analyst MTW with the OHA reporting to Ms. Vivian Bryant, President/CEO, Esq. in the Executive Office of OHA.

13.    OHA is part of the Moving To Work ("MTW") Demonstration in Public and Indian Housing ("PIH") of HUD.

14.    OHA entered its initial MTW Agreement with HUD on January 7, 2011, and OHA is the only MTW agency in the State of Florida.  In 2016, OHA's MTW Agreement with HUD was extended for twelve (12) years until 2028.

15.    Ms. Jones' official job title is MTW Budget Analyst; although she does not

perform any finance, accounting, and/or budgeting functions in her current position with OHA.

16.    In Ms. Jones' MTW Budget Analyst position with OHA, she writes annual plans and reports which are submitted directly to HUD and she also ensures compliance with the MTW program and she analyzes the OHA's data to better serve OHA and its residents.

17.    In 2016, when Ms. Jones was offered the MTW Budget Analyst position with OHA, she received a written job offer letter from GGA setting forth some of the terms and conditions of her employment with OHA which included an annual salary of $64,000.00.  A copy of the job offer letter is attached to this First Amended Complaint as Exhibit "1".

18.    The written job offer letter that Ms. Jones received from GGA did not indicate whether Ms. Jones would also receive any employee benefits in conjunction with her employment with OHA.

19.    In 2016, when Ms. Jones began her employment with OHA, she was told for the first time that she was a "contract employee" of OHA and that as a contract employee that she would not receive a salary and instead that she would be paid an hourly rate only for her hours worked and that she would not receive any employee benefits that the regular employees of OHA receive.

20.    After Ms. Jones learned in 2016 that she was a contract employee of OHA, she was presented OHA's Contracted Individual Agreement which had attached to it a job description for the MTW Budget Analyst position.

21.    A copy of the current OHA Contracted Individual Agreement entered into as of August 1, 2019, between OHA and Ms. Jones is attached to this First Amended Complaint as Exhibit "2".  In the Contracted Individual Agreement, Ms. Jones is referred to as a "Contracted Individual".

22.     Paragraph 2. A. of OHA's Contracted Individual Agreement is subtitled **Hourly**

**Pay.** and it states in relevant part as follows.

>        The Contracted Individual shall be paid an hourly rate of <u>$33.62</u> per hour
> (the "Hourly Rate")….

23.     Paragraph 2. b. of OHA's Contracted Individual Agreement is subtitled **No**

**Entitlement to Benefits.** and it states as follows.

>        Unless specifically and expressly provided for under applicable statute or rule, the
> Contracted Individual's position does not entitle the Contracted Individual to any
> of OHA's employee benefit plans, fringe benefit programs, group insurance
> arrangements or similar programs (including but not limited to health, dental,
> vision and long term life insurance, pension plan, defined contribution plan,
> vacation days, sick days, floating holiday, personal day or the exempt rewards
> program); **provided, however,** that the Contracted Individual must abide by, and
> is governed by, all other provisions of OHA's Policies and Procedures Manual
> related to the obligations and duties of OHA employees.   Nothing in this
> Agreement, or in any employee manual, handbook, or other agreement with the
> Contracted Individual, shall be deemed to implicitly entitle the Contracted
> Individual to any of OHA's employee benefit plans, fringe benefit programs,
> group insurance arrangements or similar programs (including but not limited to
> health, dental, vision and long term life insurance, pension plan, defined
> contribution plan, vacation days, sick days, floating holiday, personal day or the
> exempt rewards program).

24.     Pursuant to Paragraph 2. b. of OHA's Contracted Individual Agreement, even

though Ms. Jones is classified as a Contracted Individual of OHA she must abide by, and is

governed by, all other provisions of OHA's Policies and Procedures Manual related to the duties

and obligations of OHA's employees.

25.     A copy of OHA's current Personnel Policy Manual with a date adopted of

February 2012 is attached to this First Amended Complaint as Exhibit "3".

26.     Paragraph 2.9 of the current OHA Personnel Policy Manual, which is subtitled

**Employment Categories,** sets forth the various employment categories applicable to the

employees of OHA.

27.     The various employment categories of employees employed with OHA pursuant to paragraph 2.9 of the current OHA Personnel Policy Manual are as follows: Probationary; Regular; Agency; H.A.S.H.; Grant Funded; Acting; Part-Time; Bred-in Service; and, Contracted Individual.

28.     Paragraph 2.9 of the current OHA Personnel Policy Manual states as follows regarding the category of employees known as Contracted Individual.

> Except as noted below, all employees hired on or after January 1, 2006, who otherwise would meet the definition of "regular employee," shall be contracted individuals.
>
> Leave and fringe benefit portions of these personnel policies do not apply. These issues are separately addressed in the contracted individuals' contracts. However, all other portions of these personnel policies do apply. The term of employment will be specifically designated in the employment agreement between OHA and the contracted individual and is **not** subject to automatic renewal unless otherwise specified therein. **Any contracted position is still considered at-will employment, the terms of which are not intended to create any contractual obligations of any kind between OHA and the employee, except as may be expressly stated in any written contract between OHA and the contracted individual.** OHA will pay contracted individual's FICA, Social Security, and workers' compensation insurance, but will not pay for additional benefits unless mandated by law.
>
> The following positions shall at all times remain regular employees of OHA: President/CEO, Chief Operations Officer and Chief Financial Officer.

29.     Pursuant to Paragraph 2.9 of the current OHA Personnel Policy Manual, Ms. Jones would meet the definition of OHA's "regular employee" but for being a Contracted Individual with OHA.

30.     If Ms. Jones was a regular employee of OHA, she would be entitled to the various employee benefit programs, leave benefits and other fringe benefits of OHA which are set forth in OHA's Personnel Policy Manual including the following:  1) Annual Leave (Vacation) – set forth in paragraph 8.1 of the Personnel Policy Manual; 2) Holidays – set forth in paragraph 8.2 of

the Personnel Policy Manual; 3) Sick Leave – set forth in paragraph 8.3 of the Personnel Policy Manual; 4) Insurance including health, dental, vision, term life, dependent term life, long term disability, short term disability, cancer and intensive care (AFLAC) and tax shelter annuity plan (deferred compensation) – set forth in paragraph 8.14 of the Personnel Policy Manual; 5) Retirement Plan – set forth in paragraph 8.15 of the Personnel Policy Manual; 6) Exempt Rewards Program – set forth in paragraph 8.16 of the Personnel Policy Manual; 7) Educational Reimbursement Program – set forth in paragraph 10.1 of the Personnel Policy Manual; 8) Deferred Compensation Plan – set forth in paragraph 11.1 of the Personnel Policy Manual; and, 9) Early Retirement – set forth in paragraph 11.2 of the Personnel Policy Manual.

31.    Pursuant to Paragraph 2.9 of the current OHA Personnel Policy Manual, Ms. Jones is paid like the regular employees of OHA in that her paychecks are issued to her by OHA as though she is an employee employed directly by OHA and OHA withholds FICA and social security from Ms. Jones' paychecks for taxes and other legal withholdings and OHA also pays the employer match portions for the FICA and social security and other legal withholdings deducted from Ms. Jones' paychecks.

32.    Pursuant to Paragraph 2.9 of the current OHA Personnel Policy Manual, Ms. Jones is treated like the other regular employees of OHA in that OHA covers Ms. Jones for any on the job injuries under OHA's workers compensation insurance.

33.    Unlike the regular employees of OHA who receive paid vacation time off as set forth in paragraph 8.1 of the Personnel Policy Manual, Ms. Jones as a Contracted Individual, is not entitled to any paid vacation time off and if she takes any time off for a vacation, it must be approved in advance by OHA and it is unpaid.

34.    Unlike the regular employees of the OHA who are paid for time off for the federal

holidays as set forth in paragraph 8.2 of the Personnel Policy Manual, when OHA's offices are closed for the federal holidays, Ms. Jones as a Contracted Individual, cannot work and she is also not paid for the holidays.

35.     Unlike the regular employees of OHA who are paid for sick days as set forth in paragraph 8.3 of the Personnel Policy Manual, when Ms. Jones as a Contracted Individual, cannot work due to a personal illness, she is not paid for any sick days.

36.     Unlike the regular employees of OHA who are covered under OHA's various insurance benefits as set forth in paragraph 8.14 of the Personnel Policy Manual, Ms. Jones as a Contracted Individual, has to identify, purchase and pay for her own health insurance and any other insurance coverage.

37.     Unlike the regular employees of OHA who are covered under OHA's various retirement plan, deferred compensation plan and early retirement benefits as set forth in paragraphs 8.15, 11.1 and 11.2 of the Personnel Policy Manual, Ms. Jones as a Contracted Individual has to identify, purchase and pay for her own retirement benefits.

38.     Unlike the regular employees of OHA who are covered under OHA's educational retirement program as set forth in paragraph 10.1 of the Personnel Policy Manual, Ms. Jones as a Contracted Individual has to pay for her college tuition.

39.     As a full-time employee of OHA, Ms. Jones is eligible for and she should be receiving the various employee benefits, paid leaves and other fringe benefits that OHA currently provides for its regular employees.

40.     Employers like OHA are also required to provide certain health care benefits to full-time employees under the Patient Protection and Affordable Care Act, commonly known as the Affordable Care Act ("ACA"), 42 U.S.C. § 18001, et seq.

41.    Under the ACA, employees like Ms. Jones are considered full-time if they work more than thirty (30) hours per week or more than one hundred and thirty (130) hours per month.

42.    The ACA requires employers like the OHA to provide certain health care benefits to all full-time employees like Ms. Jones who work more than thirty (30) hours per week or more than one hundred and thirty (130) hours per month.

43.    OHA has misclassified Ms. Jones as a contracted individual since 2016 for the sole or primary purpose of denying or disqualifying her from receiving the various employee benefits, paid leaves and other fringe benefits that OHA currently provides for its regular employees in order to avoid the costs associated with providing those benefits to all of its employees.

44.    On April 22, 2020, Janet M. Bridges, the Human Resources Manager of OHA issued a memorandum to OHA's regular employees and to the contracted individual agreement employees advising them that effective as of April 1, 2020, the Board of Commissioners of OHA passed a Resolution under which Permanent Employees of OHA will receive one (1) additional week of annual leave and that for the Contracted Individual Agreement Employees that the additional one week of annual leave will be added as Compensatory Time per their contracts with OHA.  A copy of Ms. Bridges' memorandum is attached to this First Amended Complaint as Exhibit "4".

45.    In light of the Resolution passed by OHA's Board of Commissioners, this is the first time that OHA has ever given any annual paid leave time to its contract employees like Ms. Jones.

46.    On May 22, 2020, Ms. Vivian Bryant, President/CEO, Esq. in the Executive

Office of OHA issued an email to Ms. Jones and to the other contracted individual agreement employees of OHA with the subject line "Stronger Together" and in which Ms. Bryant addressed questions that have been posed to her by unnamed staff of OHA regarding the OHA's employee benefits. A printed copy of Ms. Bryant's email is attached to this First Amended Complaint as Exhibit "5".

47.    In Ms. Bryant's May 22nd email to Ms. Jones and to the other contracted individual agreement employees of OHA, Ms. Bryant provided background information regarding why OHA has not provided employees benefits for certain staff employees of OHA like Ms. Jones dating back to 2006 due to cuts in funding from HUD.

48.    In Ms. Bryant's May 22nd email to Ms. Jones and to the other contracted individual agreement employees of OHA, Ms. Bryant stated that OHA would have to lay off staff employees if it were to provide employee benefits to all of its employees.

49.    In Ms. Bryant's May 22nd email to Ms. Jones and to the other contracted individual agreement employees of OHA, Ms. Bryant also stated that costs would increase, but funding stays the same; therefore, OHA would have to downsize and that hopefully this clarifies the any (sic) questions you have regarding benefits.

50.    In Ms. Bryant's May 22nd email to Ms. Jones and to the other contracted individual agreement employees of OHA, Ms. Bryant also stated "As stated at the beginning of this email, I have an open door policy and if you have any questions or concerns, please come see me. I know that there may have been some "parking lot" talk. I strongly encourage you not to listen; meet with me for clarification. Thank you for striving for excellence in the way OHA does business."

51.    Despite Ms. Bryant's open door policy and her invitation to OHA's staff to

come and see her if they have any questions and concerns regarding OHA's position on not

providing employee benefits, paid leaves and other fringe benefits to its contracted

individual agreement employees like Ms. Jones, Ms. Jones is fearful that she will be

retaliated against by Ms. Bryant and OHA for filing this action.

52.    As a result of the unlawful actions by OHA, Ms. Jones as a contracted

individual employee of OHA has been denied employee benefits, paid leaves and other

fringe benefits since 2016 and for the foreseeable future and now she has been forced to

incur attorney's fees to vindicate her rights in this action.

## CLASS REPRESENTATION ALLEGATIONS

53.    Ms. Jones brings this lawsuit as a class action pursuant to Fed. R. Civ. P. 23 on

behalf of the Class.

54.    The proposed Class for Count I for OHA's violation of the Patient Protection and

Affordable Care Act, commonly known as the Affordable Care Act ("ACA"), 42 U.S.C.

§ 18001, et seq. is composed of:

> All full-time employees as defined under the ACA who have
> performed services for OHA or who currently perform services for
> OHA as a Contracted Individual Agreement Employee since 2016
> to the present and who were not allowed to participate in OHA's
> group health insurance benefit that OHA offers to its regular
> employees but not to its contracted employees.  (hereafter "the
> Class for Count I – ACA Benefits").

55.    The proposed Class for Count II for OHA's breach of contract is composed of:

> All persons who have performed services for OHA or who
> currently perform services for OHA as a Contracted Individual
> Agreement Employee for OHA since 2016 to the present for more
> than six (6) months and who and at all relevant times satisfied the
> other OHA qualifications as a regular employee of OHA in order
> to be eligible OHA's various employee benefits, paid leaves and
> other fringe benefits, including but not limited to OHA's group
> insurance including, dental, vision, term life, dependent term life,

long term disability, short term disability, cancer and intensive care (AFLAC) and tax shelter annuity plan (deferred compensation) and its retirement plan, deferred compensation plan and early retirement benefits in effect during the term of the Class members employment (hereafter "the Class for Count II – Breach of Contract Claim").

56.     The proposed Class is ascertainable and so numerous that the individual joinder of all its members in one action is unreasonable and impracticable.

57.     Based on Ms. Jones' information and belief, OHA currently employs thirty-two (32) Contracted Individual Agreement Employees, including herself, who are not allowed to participate in OHA's group health insurance benefit that OHA provides to its regular employees or any of OHA's various employee benefits, paid leaves or other fringe benefits that the regular employees of OHA receive.

58.     While the exact number and the identities of Class members are unknown at this time and they can be easily ascertained through appropriate discovery as OHA conducts its business in Central Florida, the Plaintiff and Class Representative, Ms. Jones, estimates that the Class may include approximately fifty (50) to one hundred (100) individual members.

59.     Each of the Class members is easily identifiable in OHA's business records to determine how many individuals meet the Class definition.

60.     Plaintiff and Class Representative, Ms. Jones' claims are typical of the claims of the Class because Ms. Jones and the Class members all sustained similar damages from OHA's withholding of group health insurance benefits and various employee benefits, paid leaves and other fringe benefits and because Ms. Jones and the Class members are all entitled to the determination that they should be classified as regular employees of OHA and intended beneficiaries of OHA's various employee benefits, paid leaves and other fringe benefits plans.

61.     Plaintiff and Class Representative, Ms. Jones, will fairly and adequately represent

and protect the interests of the Class and she has retained counsel competent who can prosecute this class action litigation.

62.    The interests of the Class coincide with and are not antagonistic to those of Plaintiff and Class Representative, Ms. Jones.

63.    A class action is superior to other methods for the fair and efficient adjudication of this controversy and will provide substantial benefit both to the parties and to the court system. Since the policies and practices that OHA engaged in are uniform and common to all members of the Class, judicial economy will be promoted by treating this case as a class action. It would not be economically practicable for the Plaintiff and Class Representative, Ms. Jones, or the individual Class members to maintain individual actions because of the amounts at issue in a given transaction.

64.    The expenses and burdens of litigation would make it costly and inefficient for the Plaintiff and Class Representative, Ms. Jones, and the Class members to seek redress on an individual basis for OHA's denying or disqualifying them from receiving the various employee benefits, paid leaves and other fringe benefits that OHA currently provides for its regular employees in order to avoid the costs associated with providing those benefits to all of its employees.

65.    When the liability of OHA has been adjudicated, the claims of all Class members can be administered efficiently and/or determined by the courts.

66.    This action as a class action will promote an orderly and expeditious administration of Class claims; promote economies of time, effort and resources; and promote uniformity of decisions. A multitude of individual actions would work a hardship on the court system and would be impractical to coordinate by any means other than a class action.

67.    Further, the value of OHA's health insurance and it various other employee benefits, paid leaves and other fringe benefits plans denied to Plaintiff and Class Representative, Ms. Jones, and to the Class members and the costs of the denied benefits retained by OHA can be easily quantified objectively by reference to discoverable business and employment records in the custody of OHA and/or third parties.

68.    Notice may be given to Class members by procedures customary in class actions.

69.    There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class members. These questions arise from OHA's common, standardized practices, policies and procedures of denying health insurance and its other employee benefits, paid leaves and other fringe benefits to its Contract Individual Agreement Employees.  Among others, the issues include but are not limited to:

a.    Whether Plaintiff and the Class members are or were full-time employees of OHA as defined under the ACA and therefore entitled to participate in OHA's group health insurance plan that the regular employees of OHA are entitled to receive;

b.    Whether OHA's acts and omissions pertaining to not offering its group health insurance to its full-time employees as defined under the ACA because they are contracted employees as alleged herein violates the ACA;

c.    Whether Plaintiff and the Class members are or were regular employees of OHA should be entitled to participate in OHA's various employee benefits, paid leaves and other fringe benefits plans that the regular employees of OHA are entitled to receive as intended beneficiaries of OHA's contracts with the benefits providers;

d.    Whether Plaintiff and Class Representative, Ms. Jones, and members of the Class have sustained injury by reason of OHA's actions and omissions;

e.       The amount of funding and revenues that OHA received, retained and/or the amount of monies or other obligations lost by Ms. Jones and the Class members as a result of OHA's wrongdoing;

f.       The nature of remedies to which Plaintiff and Class Representative, Ms. Jones and the Class members are entitled to as a result of OHA's failure to offer its group health insurance benefits to its full-time employees as defined under the ACA because they are contracted employees in violation of the ACA including whether Ms. Jones and the Class members are entitled to payment of actual, incidental, consequential, exemplary and/or statutory damages plus interest thereon; and,

g.       The nature of remedies to which Plaintiff and Class Representative, Ms. Jones and the Class members are entitled to as a result of OHA's failure to recognize and categorize Ms. Jones and the Class members as regular employees of OHA, including whether Ms. Jones and the Class members are entitled to payment of actual, incidental, consequential, exemplary and/or statutory damages plus interest thereon.

70.     There will be no difficulty in the management of this lawsuit as a Class action. Class-wide resolution of denial of employee benefits related claims is the superior method for resolution of these claims.

## COUNT I

### VIOLATION OF THE PATIENT PROTECTION AND AFFORDABLE CARE ACT, COMMONLY KNOWN AS THE AFFORDABLE CARE ACT ("ACA"), 42. U.S.C. § 18001, ET SEQ.

71.     Plaintiff re-alleges and incorporates by reference into this Count I paragraphs 1 through 70 of this First Amended Complaint.

72.     This Count I is brought pursuant to the Patient Protection and Affordable Care

Act, commonly known as the Affordable Care Act ("ACA"), 42 U.S.C. § 18001, et seq. against OHA as the plan sponsor of certain group health insurance benefits for the regular employees of OHA but not for the contracted employees of OHA like Ms. Jones and the other similarly situated contracted employees of OHA.

73.    The ACA requires companies with more than fifty (50) full-time equivalent employees, often referred to as applicable large employers ("ALE"), to either provide health insurance to their full-time employees or to pay a penalty for not offering affordable health insurance coverage ("employer shared responsibility provisions").

74.    The employer shared responsibility provisions under the ACA are sometimes also referred to as the employer mandate.

75.    For purposes of the employer shared responsibility provisions under the ACA, an employee is an individual who is an employee under the common-law standard for determining employer-employee relationships.

76.    There is no exclusion under the ACA from the employer shared responsibility provisions for government entities such as the OHA.

77.    Under the ACA, all employers that are an ALE are subject to the employer shared responsibility provisions, including federal, state, and local government employers.

78.    Under the ACA, a full-time employee is an employee who works on average either: 1) thirty (30) hours or more per workweek; or, 2) one hundred thirty (130) hours during a month.

79.    Employers that have more than fifty (50) employees who meet either of the full-time employee thresholds are required to comply with the ACA.

80.    OHA has more than fifty (50) employees who meet either of the full-time employee thresholds.  Therefore, OHA is required to comply with the ACA.

81.    Under the ACA, Ms. Jones is considered a full-time employee of OHA as she works more than thirty (30) hours per week and more than one hundred thirty (130) hours per month.

82.    Under the ACA, Ms. Jones has been considered a full-time employee of OHA from 2016 to the present as during that time period she has continuously worked for the OHA for more than thirty (30) hours per week and more than one hundred thirty (130) hours per month.

83.    Unlike the regular employees of OHA who are covered under OHA's group health insurance benefits as set forth in paragraph 8.14 of the OHA's Personnel Policy Manual, Ms. Jones as a Contracted Individual of OHA from 2016 to the present has had to identify, purchase and pay for her own health insurance.

84.    The ACA requires employers like the OHA which is an ALE to provide certain health care benefits to all employees like Ms. Jones who work more than thirty (30) hours per week or more than one hundred thirty (130) hours per month.

85.    OHA has classified Ms. Jones as a contracted individual who is not eligible for OHA's group health insurance benefits since 2016 in violation of the ACA for the sole or primary purpose of denying or disqualifying her from receiving OHA's group health insurance benefits that OHA currently provides for its regular employees in order to avoid the costs associated with providing those health insurance benefits to all of its contracted employees.

86.    OHA has classified its other contracted employees who are similarly situated

to Ms. Jones as contracted individuals since 2016 to the present who are not eligible for OHA's group health insurance benefits in violation of the ACA for the sole or primary purpose of denying or disqualifying the contracted employees from receiving OHA's group health insurance benefits that OHA currently provides for its regular employees in order to avoid the costs associated with providing those health insurance benefits to all of its contracted employees.

## COUNT II

## BREACH OF CONTRACT

87.     Plaintiff re-alleges and incorporates by reference into this Count II paragraphs 1 through 70 of this First Amended Complaint.

88.     By their employment with OHA, Ms. Jones and the members of the Class accepted unilateral contracts referred to as OHA's Contracted Individual Agreements under which they must abide by and be governed by all the provisions of OHA's Personnel Policy Manual related to the policies and procedures of OHA's employees.

89.     Paragraph 2.9 of the current OHA Personnel Policy Manual, states that Ms. Jones and the members of the Class, since they are employees hired on or after January 1, 2006, who otherwise would meet the definition of "regular employee" shall be contracted individuals.

90.     Pursuant to Paragraph 2.9 of the current OHA Personnel Policy Manual, Ms. Jones and the members of the Class are paid like the regular employees of OHA in that their paychecks are issued to them by OHA as though they are employees employed directly by OHA and OHA withholds FICA and social security from their paychecks for taxes and other legal withholdings and OHA also pays the employer match portions for the FICA and social security and other legal withholdings deducted from their paychecks.

18

91.    Pursuant to Paragraph 2.9 of the current OHA Personnel Policy Manual, Ms. Jones and the members of the Class are treated like the other regular employees of OHA in that OHA covers them for any on the job injuries under OHA's workers compensation insurance.

92.    If Ms. Jones and the members of the Class were regular employees of OHA, they would all be entitled to the various employee benefit programs, leave benefits and other fringe benefits of OHA which are set forth in OHA's Personnel Policy Manual for OHA's regular employees including the following:  1) Annual Leave (Vacation) – set forth in paragraph 8.1 of the Personnel Policy Manual; 2) Holidays – set forth in paragraph 8.2 of the Personnel Policy Manual; 3) Sick Leave – set forth in paragraph 8.3 of the Personnel Policy Manual; 4) Insurance including health, dental, vision, term life, dependent term life, long term disability, short term disability, cancer and intensive care (AFLAC) and tax shelter annuity plan (deferred compensation) – set forth in paragraph 8.14 of the Personnel Policy Manual; 5) Retirement Plan – set forth in paragraph 8.15 of the Personnel Policy Manual; 6) Exempt Rewards Program – set forth in paragraph 8.16 of the Personnel Policy Manual; 7) Educational Reimbursement Program – set forth in paragraph 10.1 of the Personnel Policy Manual; 8) Deferred Compensation Plan – set forth in paragraph 11.1 of the Personnel Policy Manual; and, 9) Early Retirement – set forth in paragraph 11.2 of the Personnel Policy Manual.

93.    Ms. Jones and the members of the Class performed the work required for them to meet the definition of OHA's "regular employee" as set forth in OHA's Personnel Policy Manual and therefore they qualified for and should have been offered OHA's various employee benefits, paid leave and other fringe benefits plans that all of OHA's regular employees receive.

94.    Ms. Jones and members of the Class are employees of OHA such that they are also intended beneficiaries of any contracts between OHA and its retirement plan providers.

95.    Pursuant to the contracts between OHA and its retirement plan providers, OHA was bound to provide eligible employees such as Ms. Jones and members of the Class with disclosure materials and enrollment forms pertaining to OHA's retirement plans.

96.    OHA breached its contractual duty to provide Ms. Jones and members of the Class with disclosure materials and enrollment forms, thereby preventing her and the other members of the Class from enrolling in OHA's retirement plans and causing Ms. Jones and members of the Class damages.

97.    Ms. Jones and members of the Class are also the intended beneficiaries of various insurance contracts between OHA's insurance providers for the insurance related benefits that OHA's regular employees receive, including health, dental, vision, term life, dependent term life, long term disability, short term disability, cancer and intensive care (AFLAC) and tax shelter annuity plan (deferred compensation).

98.    OHA breached its contractual duty to provide Ms. Jones and members of the Class with disclosure materials and enrollment forms for OHA's insurance contracts for employees, thereby causing damages to Ms. Jones and members of the Class.

WHEREFORE, the Plaintiff, Shara Jones, requests that she and the Class members be awarded judgment including as relief:

1.    That this Court certify this action as a class action under Fed. R. Civ. P. 23;

2.    Judgment for compensatory damages according to proof;

3.    A declaration that Ms. Jones and the Class members similarly situated have been and are full-time employees of OHA and that they are or were entitled to participate in OHA's health insurance plan under the ACA;

20

4.    A declaration that Ms. Jones and the Class members similarly situated have been and are regular employees of OHA and that they are or were entitled to participate in OHA's employee benefits, paid leave and fringe benefits plans as intended beneficiaries;

5.    Plaintiff's reasonable attorneys' fees and costs of this lawsuit; and,

6.    Pre-judgment interest and such other and further relief as the Court deems proper.

## JURY DEMAND

Plaintiff is entitled to and hereby demands a trial by jury as to all issues so triable.

DATED this 28th day of September, 2020.

Respectfully submitted,

*/s/John Finnigan*
John Finnigan
Florida Bar No.: 0972363
FINNIGAN LAW FIRM, P.A.
1700 Maitland Avenue
Maitland, Florida 32751
Telephone: (407) 478-3700
Facsimile: (407) 478-6999
Email: John@Finniganlaw.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 28, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Cindy A. Townsend, Esquire, Bell & Roper, P.A., 2707 East Jefferson Street, Orlando, Florida 32803, at ctownsend@bellroperlaw.com and hcavallo@bellroperlaw.com.

*/s/John Finnigan*
John Finnigan